MARIAN C. NOBLE, APPELLEE, v. CITIZENS' BANK OF GENEVA, APPELLANT.

FILED FEBRUARY 19, 1902.   No. 11,202.

War-Revenue Stamp: CERTIFICATE OF APPRAISAL. The war-revenue act of 1898, does not require the attaching of a revenue stamp to the certificate of appraisal made by a sheriff in the execution of a decree for the sale of real estate ordered by the district court in a foreclosure action.

APPEAL from the district court for Fillmore county. Heard below before HASTINGS, J. *Affirmed.*

*Charles H. Sloan* and *Frank W. Sloan,* for appellant.

*H. P. Wilson, contra.*

HOLCOMB, J.

Because the sheriff, while acting under and in pursuance of a decree of foreclosure of a real estate mortgage, failed to attach a revenue stamp to his certificate of an appraisal made of the real estate for the purpose of a judicial sale, it is argued that the appraisal was for that reason invalidated, and the confirmation of sale made thereunder is erroneous. The argument is not convincing, and fails to carry conviction of the soundness of the legal proposition thus advanced. We might rest the case on the statement that the sheriff's return of his doings in executing the decree of the court is sufficient prima facie evidence of compliance with the law, regardless of the certificate at-

tached to the appraisal made by him and two freeholders called for that purpose, and would justify an order of confirmation without looking beyond the return.   However, we are persuaded that the act of congress providing for the collection of revenues under what is popularly known as the "War Revenue Act of 1898," does not contemplate the stamping of an officer's certificate, in a judicial proceeding in the courts of the state, of the character of the one involved in the consideration of the appeal in the case at bar.   It was not intended by congress that the governmental instrumentalities and agencies of a state should be taxed for the purpose of raising the revenues provided for by that act.   This becomes obvious by an inspection of section 17 of said act, which, *inter alia,* contains the following: "*Provided,* That it is the intent hereby to exempt from the stamp taxes imposed by this act such state, county, town, or other municipal corporations in the exercise only of functions strictly belonging to them in their ordinary governmental, taxing, or municipal capacity." 30 U. S. Statutes at Large, 455.   Under the rulings of the internal revenue commissioner it is held: "Certificates required by law, which are made by court officers under the direction and authority of the court, and which are necessary to give proper effect to the court proceedings, are exempt"; and "court processes, such as summonses, writs of attachment, subpœnas, warrants, orders of court, etc., are not required to be stamped."   It is also ruled that: "If the act performed, or the certificate issued by the officer is in the discharge of an official function necessary in operating the general machinery of the government, it is exempt." 2 Decisions Internal Revenue, pp. 289, 290.

The certificate to which our attention is called was made by the sheriff in the discharge of an official function, and was necessary in operating the general machinery of government in the judicial department thereof.   In the due administration of justice between litigants in the courts of the state, the power of the judiciary was called into operation for the purpose of securing an appraisal of the

real estate ordered to be sold, as required by statute; and the certificate of the officer acting under the order of the court that such appraisal had been made, was an essential part of the proceedings required to be taken in effecting a judicial sale of the property, and therefore is not subject to the provisions of said revenue act providing for the stamping of certificates generally.

The order of confirmation was properly entered, and the same is accordingly

AFFIRMED.